```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

                      EASTERN DIVISION-RIVERSIDE

                                - - -

       HONORABLE SUNSHINE S. SYKES, DISTRICT JUDGE PRESIDING

                                - - -

KRISTIAN ANNETTE VANDIVER aka      )
"KRISTIAN ANNETE BUNCH", an        )
individual,                        )
                                   )
                    Plaintiff,     )
                                   )
           vs.                     )   No. EDCV 24-715-SSS
                                   )
PETSMART, LLC, a Delaware Limited  )
Liability Company; JENNIFER        )
HAECKEL, an individual, et al.,    )
                                   )
                    Defendants.    )
_____)


              REPORTER'S TRANSCRIPT OF ZOOM PROCEEDINGS

                       Riverside, California

                       Friday, June 7, 2024

                            2:20 p.m.




                    PHYLLIS A. PRESTON, CSR, FCRR
                   Federal Official Court Reporter
                     United States District Court
                       3470 Twelfth Street
                    Riverside, California 92501
                         stenojag@aol.com
```

```
 1  APPEARANCES BY ZOOM:

 2

 3  For the Plaintiff:

 4                       VALIANT LAW
                         BY:  TIKRAN BABAYAN
 5                       800 Ferrari Lane, Suite 100,
                         Ontario, California 91764
 6

 7

 8  For the Defendants:

 9                       CONSTANGY BROOKS SMITH & PROPHETE LLP
                         BY:  AARON RUTSCHMAN
10                       2029 Century Park East, Suite 1100
                         Los Angeles, California 90067
11
```

```
 1                FRIDAY, JUNE 7, 2024; RIVERSIDE, CALIFORNIA
 2                                -o0o-
 3           THE CLERK:  Calling Case No. EDCV 24-715, Kristian
 4   Annette Vandiver v. PetSmart, LLC, et al.
 5           If I can please have counsel state their name for the
 6   record starting with plaintiff's counsel.
 7           MR. BABAYAN:  Good morning, Your Honor.  Tikran
 8   Babayan appearing on behalf of plaintiff Kristian Annette
 9   Vandiver.
10           MR. RUTSCHMAN:  Good morning, Your Honor.  Aaron
11   Rutschman on behalf of defendants PetSmart, LLC, and Jennifer
12   Haeckel.
13           THE COURT:  Okay.  Good afternoon, both of you.
14   We're here today for a motion to remand as well as two motions
15   to dismiss.  What I'd like to do first is handle the motion to
16   remand because that could be dispositive of the motions to
17   dismiss.
18           I have read and considered everything that's been
19   submitted in regards to this matter.  I have reviewed
20   plaintiff's motion to remand, the parties' briefing.  I've also
21   reviewed the underlying complaint and the notice of removal
22   that was filed by the defendants.  I can tell you that my
23   tentative -- I'll allow you all additional time to argue if you
24   would like, but I have read and considered what's been
25   submitted.  But my tentative is to grant plaintiff's motion to
```

1  remand.

2  In looking at the notice of removal, defendants do
3  allege that the matter is properly before this Court based upon
4  diversity jurisdiction.  They acknowledge that defendant
5  Jennifer Haeckel and plaintiffs are both citizens of California
6  but then contend that Ms. Haeckel is a sham defendant whose
7  citizenship should not be considered for the purposes of
8  determining subject matter jurisdiction.

9  In looking at the complaint, there's seven causes of
10 action against Ms. Haeckel, including various California Labor
11 Code violations, intentional and negligent infliction of
12 emotional distress, harassment -- all of those in violation of
13 FEHA.

14 In regards to -- for this Court to sustain removal
15 based on alleged fraudulent joinder, the removing party must do
16 more than show that the complaint at the time of the removal
17 fails to state a claim against the non-diverse defendant.  The
18 defendant also must also show that there's no possibility that
19 the plaintiff could prevail on any cause of action it brought
20 against the non-diverse defendant.  And remand, of course, must
21 be granted, unless the defendant shows that plaintiff would not
22 be afforded leave to amend his complaint to cure the
23 deficiency.

24 In this matter, in looking at the complaint itself,
25 the allegations that are raised against Ms. Haeckel, I cannot

1  find that plaintiff -- well, the Court finds that plaintiff
2  could, in fact, plausibly amend her complaint to state one or
3  more claims against Ms. Haeckel and, therefore, concluding that
4  Ms. Haeckel is not a sham defendant.
5          I understand in looking at the complaint that some of
6  the allegations against Ms. Haeckel are conclusory, lack facts
7  that would bring Ms. Haeckel within some of the causes of
8  action; however, I cannot find in and of itself that there's no
9  possibility that plaintiff would then be able to amend to cure
10 any of those allegations that are raised within the complaint.
11         So with that, I'd give defendant the opportunity to
12 respond briefly if you would like.
13         MR. RUTSCHMAN:  I appreciate it, Your Honor, and I
14 understand the Court's tentative ruling.  I understand that
15 this is a tough issue to rule on, but this situation here in
16 this case is precisely why the fraudulent joinder doctrine
17 exists.  If it didn't, otherwise, in these employment cases in
18 California, every single time plaintiff's counsel would just
19 name an individual supervisor or manager and allege a
20 harassment claim or an intentional infliction claim for
21 purposes of securing a more favorable venue and blocking
22 removal.  And we're actually seeing this as a strategy more and
23 more, Your Honor.
24         And I think that our -- our brief lays out why
25 plaintiff has not alleged any claims that can survive against

1   Ms. Haeckel.  But Your Honor's tentative seems to hang on the
2   fact that, you know, plaintiff could amend or file an amended
3   complaint to state one or more claims against Ms. Haeckel.  And
4   I respectfully couldn't disagree more, Your Honor.  And I
5   really did a lot of research on this issue because it typically     02:24
6   is what it comes down to when there is a notice of removal, a
7   remand motion, and then motions to dismiss to get a resident
8   defendant dismissed from a case.
9           And I would respectfully ask the Court to consider
10  the case of *Hawkins v. Transdev Services, Inc.*  It was decided    02:25
11  in December of 2023 in the Northern District, so it's a
12  relatively recent case, Your Honor.  And in *Hawkins*, just like
13  in this case, the plaintiff's attorney conceded that all facts
14  regarding the resident defendant's alleged conduct were already
15  alleged in the initial complaint.  And the Court asked the         02:25
16  plaintiff's attorney at the hearing on the remand motion to
17  identify additional factual allegations that could be included
18  in an amended complaint and that would possibly allow the
19  plaintiff to state a cause of action against the resident
20  defendant.  And the plaintiff's attorney couldn't do that.  And    02:25
21  the Court in *Hawkins* on that basis denied remand and granted
22  the motion to dismiss the resident defendant.
23          And the same facts exist here, Your Honor.  I asked
24  plaintiff's counsel multiple times throughout a protracted
25  meet-and-confer process *do you have any additional facts that*    02:26

1  *you can allege in an amended complaint to maintain the*
2  *harassment claim, the intentional infliction claim, the*
3  *negligent infliction claim, or any of the purported Labor Code*
4  *violations against Ms. Haeckel?*  And he confirmed, and my
5  declaration signed under penalty of perjury and submitted to                02:26
6  this Court, Your Honor, confirms that he told me that all facts
7  regarding Ms. Haeckel's alleged conduct are already included in
8  the complaint.  And if the Court looks at plaintiff's remand
9  motion itself and the reply brief as well, plaintiff does not
10 identify any additional facts that could be included in an                  02:26
11 amended complaint to possibly maintain any one of the
12 aforementioned claims against Ms. Haeckel.
13         So I would ask at the very least, Your Honor, that
14 the Court ask plaintiff's counsel today on the record to
15 identify those facts, because if he can't identify any such                 02:26
16 facts, and he didn't during the meet-and-confer process, I
17 respectfully think that *Hawkins* should control and this Court
18 should deny remand on the basis that there is no possibility.
19 Otherwise, Your Honor, you know, respectfully, a plaintiff can
20 just come in at any time and say *we can file an amended*                   02:27
21 *complaint.  We can say more.*
22         The *Hawkins* Court in its ruling essentially says
23 *that's not enough.  You need to actually prove that you can do*
24 *it.  You need to actually identify those additional facts or*
25 *allegations.*  And the reason that the *Hawkins* Court did that,           02:27

1  Your Honor, is because otherwise the fraudulent joinder
2  doctrine, it serves absolutely no purpose, because every single
3  time that this situation presents, plaintiff's attorney can
4  just step in front of the Court and say *don't worry, Your*
5  *Honor, we can file an amended complaint and at least one of the*
6  *claims will stay. Please remand the case.* *Hawkins* says that's
7  not enough, and I don't think it should be here, Your Honor.
8         THE COURT: Okay. Thank you.
9         On behalf of plaintiff, would you like to respond?
10        MR. BABAYAN: Your Honor, thank you very much. My
11  response will be short.
12        Firstly, plaintiff is definitely not using this as a
13  strategy to keep the case in state court. I mean, counsel did
14  mention that a few times. The allegations made against
15  Defendant Haeckel are specifically alleged against Defendant
16  Haeckel. I agree with Your Honor that there may be some
17  conclusory allegations in there that would be subject to
18  further discovery; however, there are specific allegations,
19  like the dog-bite incidents. She reported the dog bites
20  directly to Ms. Haeckel. She -- Ms. Haeckel was very well
21  aware of her domestic violence leave, that she was supposed to
22  be in a facility for a certain amount of days. She asked for
23  that accommodation. She received that accommodation from
24  Ms. Haeckel. Then Ms. Haeckel granted a further extension,
25  took it right back, threatened her with termination, in fact,

1  did terminate her.  And then there's a different store that
2  plaintiff tries to apply to, and Defendant Haeckel --
3  basically, plaintiff gets the job, Defendant Haeckel says
4  something, plaintiff loses the job opportunity immediately
5  thereafter.
6          So there's sufficient facts that -- that Defendant
7  Haeckel's involvement alleged in the discriminatory, harassing,
8  retaliatory practices, those are essential to plaintiff's
9  claims.  So I would -- I would argue that the case is -- is
10 subject to remand.  And I would also bring Your Honor's
11 attention to the fact that -- if Your Honor disagrees with this
12 point, then I'll back off, but the fact that defense did file
13 the motion significantly late -- I mean the removal
14 significantly late.  And my reading of case law says that if
15 there are any ambiguities whatsoever in a removal, it must be
16 remanded.  Defendants were served with the pleading, the
17 complaint fully.  Nothing was changed thereafter on the
18 complaint.  Nothing was added.  Defense had the complaint
19 February 15th.  They waited 49 days to file their removal.
20 That's 19 days past the very strictly construed statutory
21 deadline.  So I would respectfully ask Your Honor to take that
22 point into consideration as well.
23          THE COURT:  Okay.  Thank you.
24          Anything further on behalf of defendant?
25          MR. RUTSCHMAN:  Yes, Your Honor, just briefly on the

02:29
02:29
02:29
02:30
02:30

1  timeliness issue.  It's a red herring at best, bad-faith

2  argument at worst.  There's no support for plaintiff's position

3  that the 30-day period for removal was triggered when he

4  emailed a copy of the complaint on February 15th.  You know,

5  the time for filing a notice of removal does not begin to run

6  until a party has been formally served with a summons and

7  complaint under state law.  And here, Your Honor, the 30-day

8  period for removal began when defendant signed and returned

9  their respective notice and acknowledgement of receipt forms.

10             THE COURT:  No, I --

11             MR. RUTSCHMAN:  That's what constituted formal

12  service of process.

13             THE COURT:  I agree with you.  I agree --

14             MR. RUTSCHMAN:  And then --

15             THE COURT:  Sorry.  I agree with you, counsel, on

16  that argument.

17             MR. RUTSCHMAN:  Understood.

18             THE COURT:  There's --

19             MR. RUTSCHMAN:  So moving on from that, Your Honor, I

20  didn't hear plaintiff -- plaintiff's counsel identify a single

21  additional factual allegation that can be included in an

22  amended complaint to possibly allow plaintiff to maintain any

23  of her claims against Ms. Haeckel.  And I would ask the Court

24  to ask him to do that per *Hawkins*.  To the extent that he can't

25  do that, I would respectfully request the right to be heard as

1  to why plaintiff's complaint currently is insufficient for her
2  to maintain any of her claims against Ms. Haeckel.
3              THE COURT:  Okay.  Well, I think you've -- you did
4  that in your briefing, correct?  And I think you've expressed
5  yourself as far as what you believe or don't believe that he
6  would be able to amend the complaint, but I'll give plaintiff
7  the opportunity.
8              Is there anything more that you would like to add in
9  regards to that?  I don't think that's a requirement, that this
10 Court has to find that plaintiff would be able to -- or that
11 they're obligated to provide an amended complaint, because if
12 this Court were to remand this case, then the state court would
13 then make those decisions or those calls on the motions to
14 dismiss and see if plaintiff has asserted enough allegations
15 and evidence to withstand a -- well, a demur in state court.
16 So it's -- I give plaintiff the opportunity to do so, but I
17 don't think that's dispositive of this Court, then, making the
18 decision to remand the case.
19             MR. BABAYAN:  And --
20             THE COURT:  Go ahead.
21             MR. BABAYAN:  Thank you.  Thank you, Your Honor, very
22 much.  And to satisfy counsel's concerns, I would -- one of the
23 main things counsel argued in their motion -- in their
24 opposition was the fact that plaintiff didn't include who she
25 reported -- apparently who she reported the dog bites to, when

02:31
02:32
02:32
02:32
02:32

1  she reported the dog bites, and how many times she reported dog
2  bites.  I will -- if counsel wants more specific facts, I will
3  most definitely include more specific facts in a -- if a -- in
4  an amended complaint, if necessary: who it was reported to, how
5  many times it was reported to, when it was reported to.  So                02:33
6  there are additional facts that are more than possible to be
7  included in an amended complaint.
8          MR. RUTSCHMAN:  Can I just briefly address that, Your
9  Honor?
10         THE COURT:  Yes, go ahead.                                         02:33
11         MR. RUTSCHMAN:  Everything that he just spoke to does
12 not go to any of the elements for the claims for harassment,
13 intentional infliction, negligent infliction, or the
14 wage-and-hour claims against Ms. Haeckel.  That's the only
15 thing we're talking about here for purposes of determining                 02:33
16 whether complete diversity exists.  The dog bite issue goes to
17 a separate Labor Code claim that's alleged only against
18 PetSmart.
19         And I'm not saying, Your Honor, that the Court is
20 required to do anything, but I would respectfully request that             02:33
21 the Court take this issue under submission at the very least
22 and review the *Hawkins v. Transdev Services, Inc.*, case which
23 is cited in our papers, because the judge in that case, you
24 know, makes a good point.  What's the point of the fraudulent
25 joinder doctrine if somebody can just promise that they can                02:34

1   file an amended complaint that has additional facts that would
2   allow them to maintain a claim against a resident defendant if
3   they can't actually back it up?  And that was the point of the
4   hearing in *Hawkins*.  It was the point of the papers in *Hawkins*.
5   The judge said *look, you haven't identified any of these*
6   *additional allegations that you could include in an amended*
7   *complaint to keep the resident defendant in*.
8           So I do believe that defendants have met their legal
9   obligation to prove that plaintiff does not have a possibility
10  of keeping Jennifer Haeckel in this case.  If he did have that
11  possibility, he would identify those additional facts either in
12  the remand motion, the reply brief, or right now on the record.
13  And in *Hawkins*, the plaintiff's attorney couldn't do that.  And
14  for those reasons, the judge in *Hawkins* denied remand and
15  dismissed the resident defendant.  And I respectfully believe
16  the same results should follow here.
17          THE COURT:  Well, oftentimes, as you know, a lot of
18  those decisions are really fact-specific and a judge is using
19  their discretion to look at the overall facts of the case,
20  whether or not they could be bolstered with additional
21  information, whether or not additional allegations could be
22  provided.  And so I think oftentimes, although, you know,
23  *Hawkins'* Court may have found one thing, another Court may find
24  another thing because it's all solely based upon what facts are
25  being alleged, what causes of action are being alleged, and so

02:34
02:34
02:35
02:35
02:35

| | | |
|---|---|---|
| 1 | on and so forth. | |
| 2 | So I understand in drawing this Court's attention to | |
| 3 | that decision, but ultimately cases are individual cases, and | |
| 4 | circumstances that arise within one case and actions alleged to | |
| 5 | have occurred through a supervisor or through an employee or | 02:36 |
| 6 | someone in that -- a position such as Ms. Haeckel are different | |
| 7 | depending upon the facts and circumstances of each case that's | |
| 8 | presented to the Court, to then make a decision whether or not | |
| 9 | it is, in fact, a sham plaintiff -- sorry -- whether or not | |
| 10 | it's a sham pleading. | 02:36 |
| 11 | So in regards to that, I can -- I don't intend to | |
| 12 | take this matter under submission, but I'd hear -- | |
| 13 | Plaintiff, is there anything else? I'd give you the | |
| 14 | last word that you'd like to add. | |
| 15 | MR. BABAYAN: Your Honor, the last thing I would say | 02:36 |
| 16 | is that the case counsel referenced, I just quickly looked it | |
| 17 | up. It's unpublished. And the specific part that counsel is | |
| 18 | referring to, Your Honor, is very correct, that it was very | |
| 19 | specific to the facts of that case and also specific to certain | |
| 20 | statements that counsel made at the motion for remand hearing. | 02:37 |
| 21 | So I would say that that case does not align with our case nor | |
| 22 | the discussions we had today. | |
| 23 | THE COURT: Okay. Well, I appreciate all the | |
| 24 | argument that has been presented by both sides, by counsel in | |
| 25 | regards to this matter. At this time I am going to remain with | 02:37 |

1 my tentative decision in regards to the plaintiff's motion for
2 remand.  I am going to grant that motion and remand this matter
3 to the Riverside Superior Court for all further proceedings.
4 By virtue of that decision on the plaintiff's motion to remand,
5 I am going to deny as moot defendants' motions to dismiss.   02:37
6         And I think that would conclude today's hearing.  So
7 thank you.  Have a good day.
8         MR. RUTSCHMAN:  Thank you, Your Honor.
9         MR. BABAYAN:  Thank you, Your Honor.
10                (Proceedings concluded.)   02:37
11                      -o0o-

```
 1                CERTIFICATE OF OFFICIAL REPORTER
 2
 3
 4        I, PHYLLIS A. PRESTON, FEDERAL OFFICIAL REALTIME
 5   COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR
 6   THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT
 7   PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE
 8   FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE
 9   STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE
10   ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
11   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
12   THE UNITED STATES.
13
14
15                     DATED THIS 21ST DAY OF AUGUST, 2024
16
17
18                     /s/ PHYLLIS A. PRESTON
19                     _____
20                     PHYLLIS A. PRESTON, CSR No. 8701, FCRR
21                     FEDERAL OFFICIAL COURT REPORTER
22
23
24
25
```